IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| THOMAS H. CLAY #1124123 | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv21 |
| STATE CLASSIFICATION DEPARTMENT<br>OF TDCJ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Thomas H. Clay, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has submitted an application to proceed *in forma pauperis* in this action.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff complains of his alleged retaliatory transfer from the Gib Lewis Unit to the Polunsky Unit on April 20, 2021. Additionally, plaintiff complains of the conditions of his confinement and medical care received at the Polunsky Unit. Plaintiff further complains that he was denied his wheelchair or "Wheelchair Transport" and, instead, was forced to scoot on his buttocks and use his arms to lift himself onto "Regular Transport Bus."

Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has filed at least thirty (30) prior federal lawsuits and has filed forty-four (44) actions or appeals with the United States Court of Appeals for the Fifth Circuit. At least four prior cases or appeals have been dismissed as frivolous or for failing to state a claim upon which relief may be granted. *See Clay v. UTMBH*, No. 18-20752 (5th Cir. 2019) (confirming three prior strikes and dismissing appeal as frivolous). The unsupported allegations set forth in plaintiff's complaint do not demonstrate that he was in imminent danger of serious physical injury at the time he filed his complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). While plaintiff argues he is in imminent danger of serious physical injury, his disagreements with the medical care he is receiving are factually insufficient to show that he was in imminent danger when he filed this complaint. *See Clay v. UTMBH*, No. 18-20752 at *2. Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

Further, the United States District Court for the Southern District of Texas sanctioned plaintiff with a preclusion order which bars plaintiff from filing any new civil action as a pauper until the full filing fee for that action has been paid. *See Clay v. Zeon*, Civil Action No. 4:14cv57 (S.D. Tex. 2014). Plaintiff has neither alleged nor demonstrated he has satisfied the sanction imposed by the Southern District, and a review of the court's docket reveals the fee has not been paid. *See* https://ecf.txsd.uscourts.gov/cgi-bin/DktRpt.pl?101181128054855-L_1_0-1. Since this court recognizes sanctions imposed by our sister courts, plaintiff is barred from prosecuting this civil rights action on an *in forma pauperis* basis pursuant to the sanctions imposed by the Southern District.

## Recommendation

The above-styled civil action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) and the applicable sanctions from the Southern District of Texas.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 19th day of January, 2022.

_____
Zack Hawthorn
United States Magistrate Judge