IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| THOMAS H. CLAY | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv21 |
| STATE CLASSIFICATION DEPARTMENT<br>OF TDCJ, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Thomas H. Clay, an inmate formerly at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) and sanctions imposed by the United States District Court for the Southern District of Texas.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. A thorough review of plaintiff's prior cases reveals plaintiff has a history of frivolous filings and abusive litigation practices. Additionally, plaintiff's allegations concerning his disagreement with

his prison medical care and his associated dissatisfaction are not new to the courts. Moreover, plaintiff's claims are not sufficiently based in fact to satisfy the 1915(g) standard. *See McClure v. Livingston*, Civil Action No. 5:12cv56, 2012 WL 5987408, at *2 (E.D. Tex. Nov. 29, 2012) ("The mere recitation of the phrase 'imminent danger' or 'my life is in danger' does not invoke the exception to Section 1915(g)."); *Miller v. University of Texas Medical Branch*, Civil Action No. 6:16cv436, 2016 WL 3267346, at *2 (E.D. Tex. June 15, 2016) ("[G]eneral allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)."). Therefore, plaintiff should not be allowed to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

Further, as set forth in the Report, plaintiff is barred from proceeding with this action based on the sanctions previously imposed by the United States District Court for the Southern District of Texas. As set forth in the Report, this court recognizes sanctions imposed by other district courts in Texas. Plaintiff has neither alleged nor demonstrated he has satisfied the sanctions imposed by the Southern District, and a review of that court's docket reveals he has not. *See Clay v. Zeon*, Civil Action No. 4:14cv57 (S.D. Tex. 2014). Accordingly, plaintiff is also barred from proceeding in this action on an *in forma pauperis* basis pursuant to the sanctions imposed by the Southern District.

## O R D E R

Accordingly, plaintiff's objections are OVERRULED. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is ADOPTED. A

final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 1st day of July, 2022.**

                                                        Michael J. Truncale  
                                                       United States District Judge